[No. 9425.   Department One. — May 17, 1886.]

A. FRENCH, RESPONDENT, *v.* THE COUNTY OF SANTA CLARA, APPELLANT.

JUSTICES' COURTS — ELECTION OF JUSTICE — FAILURE OF SUCCESSOR TO QUALIFY — INCUMBENT ENTITLED TO OFFICE. — In 1877, the plaintiff was elected one of the justices of the peace for Milpitas township, qualified as such, and entered upon the discharge of his official duties. At the election in 1879, one Topham was elected as his successor, but having failed to qualify, the plaintiff held over. In 1882, the plaintiff was again elected a justice of the peace for the township, the board of supervisors having meanwhile provided for the election of but one justice for that township. He failed, however, to qualify, but continued to discharge the duties of justice. The action was brought to recover the fees allowed by law for certain services thereafter rendered by him as justice. *Held,* that the plaintiff was entitled to recover, as under section 879 of the Political Code he was entitled to the office until the qualification of his successor.

ID. — *Held further,* that the character of the office of justice was not changed by the reduction of the number of justices, or by the act of the legislature enlarging the jurisdiction of justices' courts in pursuance of the constitution of 1879.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. C. Black,* for Appellant.

*W. L. Gill,* for Respondent.

Ross, J.—In 1877, the plaintiff, French, was duly elected one of the justices of the peace for Milpitas township of Santa Clara County, qualified as such, and entered upon the discharge of the duties of the office. At the election in 1879, one Topham was elected as the successor of French, but he failed to qualify, and French held over. In 1882, French was again voted for, and elected a justice of the peace for said township,—the board of supervisors of the county having meanwhile provided, pursuant to statute, for the election of but one justice for that township. French failed to qualify, however, but continued to discharge the duties of justice, and for certain services thereafter rendered as such claimed the fees allowed by law. His right to maintain the present action therefore depends upon the question whether or not he was rightfully discharging the duties of the office at the time of rendering the services.

It is urged for the appellant that the character of the office was changed by the reduction of the number of justices, and by reason of the fact that the legislature, pursuant to the provisions of the constitution of 1879, enlarged the jurisdiction of justices' courts. We do not think so. Justices' courts were not abolished, but on the contrary, expressly continued in force by the constitution of 1879. (Sec. 3, art. 22.) Undoubtedly, the failure of Topham to qualify after the election of 1879, and the failure of the plaintiff to qualify after the election of 1882, left a vacancy in the office, which the board of supervisors could have filled by appointment, and such appointee, when qualified, would have been legally entitled to the office. (*People ex rel. Showers* v. *Taylor*, 57 Cal. 621.) But until the qualification of the person duly elected or appointed, as the case may be, the former incumbent is legally entitled to the office, by virtue of section 879 of the Political Code, which provides that "every officer must continue to discharge the duties of

his office, although his term has expired, until his suc-
cessor has qualified."

Judgment and order affirmed.

McKINSTRY, J., and MYRICK, J., concurred.

Hearing in Bank denied.