CITY OF DUNCAN v. WOODS.

No. 31486. Sept. 26, 1944.

*151 P. 2d 923.*

Arthur J. Marmaduke and J. W. Marshall, both of Duncan, for plaintiff in error.

H. B. Lockett, of Duncan, for defendant in error.

RILEY, J. This action was commenced in the district court of Stephens county by defendant in error, herein referred to as plaintiff, against A. A. Cooper and the city of Duncan, to re-

cover damages for personal injuries alleged to have been caused by the maintenance of a dangerous obstruction or structure on the walk way in a street of the city, by defendant Cooper and allowed to remain in a dangerous condition with the knowledge of the defendant city of Duncan.

Verdict and judgment for plaintiff against both defendants. Defendant city of Duncan appealed.

One of the assignments of error is that the court erred in overruling the demurrer of defendant city of Duncan to plaintiff's petition. This assignment is not urged or discussed in the brief and will be treated as abandoned. Assignments of error in giving certain instructions to the jury; refusing certain requested instructions; overruling demurrer to plaintiff's evidence; overruling defendants' motion for a directed verdict for the city of Duncan at the close of the evidence, are all presented under one proposition. The contention thereunder is that the court charged the jury on the theory that plaintiff, at the time of the injury, was walking on a sidewalk and that it was the duty of the ctiy to maintain the same free from obstructions, and that the evidence failed to show a sidewalk or walk way on any part of the street or that any part of the street was prepared, maintained, and kept open for public travel at the place where the injury occurred.

The record shows that defendant Cooper, for about nine months before the injury, conducted a business where he sold window glass, car glass, and plate glass, in a building on Willow street in the city of Duncan. Willow street runs east and west. Cooper's place of business was on the south side of the street, facing north, between Tenth and Eleventh streets. Tenth. and Eleventh streets run north and south, Eleventh street being one block west of Tenth street. Cooper's place of business was in a building in which the Duncan ice plant was located, which was at the southwest corner of Tenth and Willow streets, Cooper's place of business being in the west room of said building, about 40 or 50 feet west of Tenth street. From four to nine months before plaintiff's injury, defendant Cooper had kept a frame and crate in which he shipped or hauled plate glass, standing against the north end of his building and in the street. The crate was about seven feet high and eight feet wide. The frame in which it was set was about eight feet wide and ten feet high. It extended about two feet to the west at the northwest corner of the building. It was fastened to a post near the corner of the building, with strands of bailing wire and was nailed to the building at the east end. Plaintiff alleged negligence in that said crate and frame were insecurely attached to the building. On and prior to February 5, 1942, plaintiff lived in a house on the next lot west of defendant Cooper's place of business, about 25 feet south of the street. On that day plaintiff, with her small child, started to walk to a grocery store east from where she lived. She walked north to the street, turned east, and while walking in front of Cooper's place of business, the frame and crate fell upon plaintiff and broke both bones in her lower left leg and otherwise bruised and injured her. Willow street had been graded and surfaced with "black top" for vehicular travel in the center of the street about 36 feet wide with a curb and drainage gutter along the south side. At the front of the ice plant there was a loading dock extending about eight feet into the street. The space in front of defendant Cooper's place of business and that in front of the ice plant out to the curb and gutter, about 32 feet, was and had been for about two or three years covered or surfaced with "black top", the same as that part of the street used for vehicular traffic. That space was used for trucks loading at the ice dock and trucks loading and unloading at defendant Cooper's place of business, and was also used by foot passengers passing along that side of the street. Plaintiff testified that was where she usually walked in going east from her house.

The trial court instructed the jury as

though the space upon which plaintiff was walking at the time of her injury was a sidewalk. Instruction No. 8. told the jury that: "It is the duty of a municipal corporation to exercise reasonable care in the inspection of its sidewalks." No. 9 instructed that: "The plaintiff, as a traveler on the sidewalk in the city, had a right to presume that the sidewalk was in a reasonably safe condition for ordinary travel." No. 10 instructed the jury that: "The city is liable for injuries to a traveler along a sidewalk, caused by obstructions on or near such sidewalk where such obstruction is shown by the evidence to have existed so long that by ordinary care, the city authorities could have known of such defect and have the same remedied."

It is not contended that these instructions, or any of them, are erroneous except for the use of the word "sidewalk" in referring to the place where plaintiff was injured.

It must be borne in mind that this is not an action based upon alleged defect in the sidewalk. The action, so far as the city of Duncan is concerned, is based upon alleged negligence on the part of the city in permitting the frame and crate to remain in the street, leaning against and insufficiently fastened to the building and post. The use of the word "sidewalk" was perhaps inaccurate in referring to the space where plaintiff was walking. Plaintiff did not plead that there was a sidewalk at the place. She described it in her petition as a "walk way." Defendant contends that the use of the word "sidewalk" in the instructions is reversible error.

On the point raised, this case is within what was stated in City of Oklahoma City v. Meyers, 4 Okla. 686, 46 P. 562. Therein, it is said:

"A sidewalk does not necessarily consist of a walk made of boards or a place paved or otherwise improved for the use of foot passengers; but it may be a place set apart at the side of the street for the use of that portion of the public that travels on foot."

See, also, 43 C. J. 987, §1772. Reference to the place as a sidewalk in the instructions was not sufficiently misleading as to require a reversal. Plaintiff was walking along the street at a place where she was entitled to walk and where other witnesses testified was the place where foot passengers usually walked. The fact that the space in front of the building was sometimes used for trucks loading and unloading did not deprive plaintiff, and others who traveled on foot along that part of the street, of the right to use the space for such travel. The cases cited by defendant going to the question of discretion of municipal authorities as to the necessity of constructing a sidewalk have no application.

It is next contended that the evidence wholly failed to show primary negligence on the part of the city in that the evidence did not show that any city employee actually knew of the existence of the frame and crate at the place where plaintiff was injured. And in that the evidence failed to show that any city employee actually knew, or with due diligence could have known, that the frame or crate was not fastened in a reasonably safe manner where it was placed in front of defendant Cooper's building.

Actual knowledge or notice is not essential. City of Ada v. Criswell, 185 Okla. 517, 94 P. 2d 838. There was evidence to the effect that the frame and crate had been kept by defendant Cooper in the street, and in the condition stated, practically all of the time from four to nine months before the injury of plaintiff. The question of sufficiency of notice to the city was one of fact for the jury. The trial court, by proper instruction, submitted that question to the jury.

The rule is that a municipal corporation is liable to one injured by the falling of structures such as poles, billboards, etc., standing within the limits of the street, where it knew, or might have known by the exercise of ordinary diligence, of its dangerous condition and took no steps to remove the same

or to guard passersby against it. 43 C. J. 1029; Langan v. City of Atchison, 35 Kan. 318, 11 P. 30.

The duty and consequent liability of a municipality to keep its streets and sidewalks in a reasonably safe condition for persons traveling thereon extends to those cases where the obstruction or unsafe condition of the street is brought about by persons other than agents of the city. In such cases, the negligence for which the municipality is chargeable is not for the creation of the defect but for permitting the same to remain unguarded after actual or constructive notice. A municipal corporation is liable for injury resulting from an obstruction in one of its public streets made by an abutting owner for his own purpose if the corporation had actual or constructive notice of the dangerous condition of the streets for a sufficient length of time to enable it to guard the public safety. 43 C. J. 991-92.

There was evidence to show primary negligence on the part of the defendant city of Duncan.

The third proposition is that the verdict was rendered under the influence of passion and prejudice. The contention thereunder is that the evidence does not justify the verdict, in that there was not sufficient evidence of loss of earning power to sustain the verdict. Loss of earning power was not the only element of damage. The evidence shows that both bones of plaintiff's left leg were broken; that she was taken to the hospital, where she remained twelve days; that she was then taken home and was confined to her bed for three weeks and was compelled to use crutches for four months; that during all that time she suffered physical pain and that she still suffered pain down to the time of the trial; that she incurred hospital expenses in the sum of $89. There was sufficient evidence to sustain the verdict, aside from loss of earning power.

It is suggested that the fact that plaintiff testified that she suffered great mental anguish for a time on account of fear that her child had been killed in the accident may have unduly influenced the jury. The evidence on that question was slight and was introduced without objection or exception on the part of defendant.

The verdict was for $2,000. Under the record, it is not excessive and there is nothing to indicate any passion or prejudice on the part of the jury.

Finally, it is suggested that the judgment should be reversed for improper conduct of counsel for plaintiff in his argument to the jury in that he stated: "They can't recover a n y t h i n g from Cooper and they would have to get a verdict against the city if they were going to recover anything in this case." The remark was objected to and the court sustained the objection and directed the jury not to consider the same. Defendant Cooper, in examination by his own counsel, testified that he had told plaintiff, in response to a statement made by her that she needed help, that he was broke and wasn't obligated to keep up anybody; that he could not keep himself up and that he just didn't have it to help her. Under the record, we are not willing to say that the statement complained of was entirely improper, or, if improper, that it was so prejudicial as to require a reversal of the judgment.

There being no reversible error, the judgment is affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur.