## Pedlow, Admrx., *v.* Lippens, Appellant, et al.

Argued Nov. 27, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Jerome L. Markovitz*, with him *Gilbert J. Kraus*, for appellant.

*Harry Norman Ball*, for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, January 2, 1945:

This is an appeal from the order of the court below refusing to grant a new trial or to enter judgment n. o. v. after a jury's verdict of $25,000 in an action of trespass.

Shortly after midnight on October 4, 1942, Paul C. Pedlow was fatally injured on U. S. Highway #13 in Bucks County, by being struck by an automobile driven by the appellant, Henri Lippens. One Otto Haffner was driving from Bristol to Philadelphia, with Richard

Jones, and he stopped his car in front of the latter's home to let him alight. The Haffner car remained half way on and half way off the concrete portion of the highway. Jones got out of the car and walked to his house about 20 ft. away. He then heard a crash, which was caused by the collision between the car driven by Pedlow, now deceased, and the rear fender of the Haffner car. Pedlow continued for a short distance, then he parked his car and returned to look at the back of the Haffner car. There were no lights on Haffner's car, the tail light having been broken by the accident just described or prior thereto.

Mr. and Mrs. Jones, Haffner and Pedlow remained back of Haffner's car for 3 or 4 minutes and then Mrs. Jones observed the lights of a car approaching on the road from the same direction Haffner had come. She attempted to stop the car but as its driver gave no heed to her warning, her husband shouted to the persons back of Haffner's car, among whom was Pedlow. After the warning everyone except Pedlow reached a place of safety, but he was pinned between the front of the oncoming car, which was driven by Lippens, the appellant, and the rear of the Haffner car, and he received injuries which caused his death.

It was plaintiff's contention that Lippens was driving while intoxicated, and that he did not have his car under proper control. This charge of intoxication was denied by Lippens and his companion in the car. The defendant testified that the headlights of his car were lighted, but that he did not see Pedlow before he struck him and that he saw no other people near the parked automobile. He also said that he was unaware that he struck the deceased until he backed his car away. The policeman testified as to the presence of the odor of liquor on the breath of Lippens. When Lippens got out of the car he staggered about. A physician who examined him within 30 minutes of the accident testified that he

was under the influence of intoxicating liquor and not in a fit condition to drive an automobile. The defendant admitted that he saw the automobile with which he collided when he was 75 ft. away. There were three lanes of traffic open to him so that he could easily have passed the car without striking it. He testified that he did not see anyone on the highway signalling him to stop. At the time of the accident there was at the place of the accident some illumination from a 60 watt bulb on the porch of the Jones residence, 30 ft. from the scene of the accident.

In support of his contention that appellee was as a matter of law guilty of negligence in standing on a public highway at the rear of a car which had no tail light, appellant cites several cases. The first is *Copertino v. Chrobak,* 346 Pa. 49, 29 A. 2d 504. There the question of a plaintiff's contributory negligence was submitted to the jury. The second case is *Gaber et ux. v. Weinberg,* 324 Pa. 385, 188 A. 187. There a plaintiff crashed into a truck. We held that the court below was justified in refusing to take off the compulsory non-suit entered in that case because the rule is inflexible that the driver of a vehicle upon a highway must have it under such control as "will permit him to bring the vehicle to a stop within the assured clear distance ahead." The third case cited is *Baran v. Kalczynski,* 330 Pa. 52, 198 A. 40. There we held that a minor plaintiff who was injured while being assisted to the rear of a stopped truck by another vehicle colliding with the rear of that truck could not as a matter of law be adjudged guilty of contributory negligence. We said that "whether her failure to observe that the rear light was obscured, and to realize the peril thereby created, was such negligence on her part as to defeat her right of recovery, was a question for the jury." In the case of *Richards v. Reading Company,* 333 Pa. 513, 5 A. 2d 542, cited by the appellant, the victim of the accident was standing near enough to a railroad track to be struck

by some part of a passing engine which was traveling at approximately 45 miles per hour. The victim had a clear view in daylight, of the track for one-half mile in either direction and the train could have been seen by him 30 seconds before it struck him. We held that the victim in that case had placed himself in such a perilous position that his lack of alertness to the imminence of danger made him in law guilty of contributory negligence.

In the instant case it cannot be said that a man who stands behind a car parked partly off a four lane highway is as a matter of law negligent. Pedlow had no reason to foresee that a driver would on that wide and open highway come behind him and crash into him. He had a right to assume that the illumination from any oncoming car would disclose his presence and that the driver of that car would steer the car to an unoccupied portion of the highway.

In the case of *Koppenhaver v. Swab,* 316 Pa. 207, 174 A. 393, cited by the appellant, the question of the contributory negligence of the plaintiff who was on the highway was submitted to a jury. In the case of *Tomey v. West Penn Railways Co.,* 300 Pa. 189, 150 A. 612, the plaintiff had stopped an interurban street car, and since the car came to a stop on a trestle the plaintiff motioned the motorman to back the car off the trestle. As the car moved backward "appellant deliberately stood on the tracks when he knew the result of his call would be to bring the car back." We held that the court below properly adjudged him guilty of contributory negligence.

In the instant case Pedlow's contributory negligence, even if it was found as a matter of law to have existed, would not be a bar to recovery if the negligence of Lippens amounted to wanton misconduct, that is, if Lippens exhibited a reckless disregard for Pedlow's safety after observing his perilous position and realizing the danger involved in proceeding at a high rate of speed and without giving warning of his approach. See *Kasanovich,*

*Admrx., v. George et al.,* 348 Pa. 199, 34 A. 2d 523. Whether or not Lippens' conduct was, under the circumstances, wanton negligence it is not necessary now to decide.

The motion for judgment for the defendant n.o.v. was properly refused and we find nothing in this record which requires the award of a new trial.

The judgment is affirmed.