Callahan *v.* A. Wishart & Sons Company, Appellant.

Argued October 6, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Harold R. Schmidt,* with him *Rose, Eichenauer, Stewart & Rose,* for appellant.

*Robert B. Ivory,* with him *Armin H. Friedman* and *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 13, 1950:

This is a trespass action for personal injuries, which has been tried twice and each time the jury has returned a verdict for the plaintiff in the amount of $5,000.00. The defendant filed a motion for judgment n. o. v. which the court in banc dismissed. It is from the dismissal of its motion for judgment n. o. v. that defendant appeals.

Viewed in the light most favorable to the plaintiff, the facts are as follows: defendant's business property, consisting of several buildings, abuts on Railroad

Street, a public street, between 11th and 12th Streets, in the City of McKeesport. One of defendant's buildings has an entrance to the cellar from the front of the building, which is covered by a wooden, slanting trap door extending a few feet from the wall of the building. Some of the buildings on this street are residences. The street runs approximately north and south, parallel to the railroad tracks of the Baltimore & Ohio and is bounded on one side by those tracks. It is bounded on the other side by residences and commercial properties. *It has no paved sidewalk and no curb line separating pedestrian walk from the cartway of the street.*

Plaintiff called at defendant's lumber yard to purchase some lumber. The foreman with whom he wished to deal was out. Plaintiff sat down in a reclining position on the slanting cellar door with his feet extending about a foot beyond the door. Plaintiff was facing 12th Street, the direction from which traffic approached. As he was talking to a friend, defendant's truck, without any warning, backed up from the opposite direction (i. e. from 11th Street), on the wrong side of the street, for about a distance of about 50 feet. Its rear right wheel ran over plaintiff's feet.

Defendant contends that contributory negligence existed on the part of the plaintiff as *matter of law.* With this we do not agree. Defendant argues that the plaintiff placed himself in a position of obvious danger when there was a position of safety clearly available to him, i. e., in defendant's office inside the building. This street has no curb line and it is difficult, if not impossible, to determine exactly where the sidewalk ends and the cartway begins. Merely because there is no ascertainable curb line does not indicate that the entire area of this street is a cartway. Many pedestrians walk along this street. There must be a reasonable distance maintained from the side of the building for use of pedestrians where it is safe for them to walk.

The word "sidewalk" of itself has no strict legal interpretation. Its meaning and import must be governed by facts showing the limits and extent of the same in the street where it was located: *Porter v. Waring,* 69 N. Y. 250. A sidewalk does not necessarily cónsist of a walk made of boards, or a place paved or otherwise improved, for the use of foot passengers. It may be a place set apart at the side of a street for the use of that portion of the public who travel on foot: *City of Oklahoma City v. Meyers,* 4 Okla. 686, 46 P. 552; *City of Duncan v. Woods,* 194 Okla. 371, 151 P. 2d 923. The only other conclusion would be that pedestrians must refrain from using the street because it is unsafe, regardless of how close to the buildings they might walk, or how many persons use the street. This is not a reasonable conclusion. The jury alone should determine where pedestrians have the right to be or walk in safety, even if automobiles and trucks drive upon that area at various times. "The fact that the space in front of the building was sometimes used for trucks loading and unloading did not deprive plaintiff, and others who traveled on foot along that part of the street, of the right to use the space for such travel": *City of Duncan v. Woods,* supra. Otherwise every street without a defined curb line becomes a place of danger to pedestrians. It is for the jury to determine whether plaintiff's feet extended out beyond this safe area.

Defendant was negligent in backing his truck on the wrong side of the street without warning. Plaintiff, facing the direction from which vehicles would ordinarily approach, was not bound to anticipate that defendant would disregard the law and back upon the wrong side of the street: *Christ v. Hill Metal & Roofing Company,* 314 Pa. 375, 171 A. 607; *Caulton v. Eyre & Co., Inc.,* 330 Pa. 385, 199 A. 136; *Armstrong et al., v. McGraw,* 115 Pa. Superior Ct. 156, 175 A. 279. If it had been shown that plaintiff knew, from past experi-

ence, that he was placing himself in a position of danger, being aware that trucks and automobiles continually *backed up on the wrong side of the street without warning,* and so close to the cellar door that anyone walking past or reclining upon the door would be injured, plaintiff would be guilty of contributory negligence and could not recover: *Caulton v. Eyre & Co., Inc.,* supra. If there is doubt as to plaintiff's knowledge the issue must be submitted to the jury. See *Caulton v. Eyre & Co., Inc.,* supra; *Zimmer, et al., v. Little,* 138 Pa. Superior Ct. 374, 10 A. 2d 911. While there is evidence from which the jury could conclude that plaintiff also was negligent, this is not so clear that reasonable men could not differ: *Altomari, v. Kruger et al.,* 325 Pa. 235, 188 A. 828; *Van Note, v. Philadelphia Transportation Company,* 353 Pa. 277, 45 A. 2d 71; *Mogren et ux., v. Gadonas et al.,* 358 Pa. 507, 58 A. 2d 150. Under all the evidence the contributory negligence of plaintiff was for the jury.

Lastly, defendant contends that plaintiff's testimony cannot be believed because it is contrary to the incontrovertible physical facts. The overhang behind the rear wheels of the truck was six feet. Defendant maintains that in backing the truck the overhang must have necessarily either struck plaintiff in the head, or passed directly in front of his face, and thus plaintiff was, or should have been, adequately warned of the presence of the truck before the wheel passed over his feet. But it is not shown exactly how far to his left the plaintiff had turned his head, nor do we know exactly how fast the truck was traveling. Both the position of the head and the speed of the truck are mere estimates. It was held in *Streilein et al. v. Vogel et al.,* 363 Pa. 379, 69 A. 2d 97, that where the testimony of witnesses is needed in order to *apply* the incontrovertible physical facts to the issue in the case, the rule itself is inapplicable.

Judgment affirmed.

Mr. Justice HORACE STERN dissents, being of opinion that plaintiff, sitting with his feet dangling out in an area traversed by motor vehicles, was guilty of contributory negligence as a matter of law, especially as he did not keep looking out adequately in both directions. Mr. Chief Justice DREW joins in this dissent.