## Dobb, Appellant, *v.* Stetzler.

Argued January 14, 1952. Before DREW, C. J., STERN, STEARNE, BELL, CHIDSEY and MUSMANNO, JJ.

*Thomas B. K. Ringe,* with him *Edward G. Wink, J. Wesley Oler, James W. Bertolet* and *Morgan, Lewis & Bockius,* for appellant.

*Robert I. Cottom* and *Ralph C. Body,* with them *Matten & Matten, R. Solomon Baer, William George* and *Body, Muth, Rhoda & Stoudt,* for appellees.

OPINION BY MR. CHIEF JUSTICE DREW, March 24, 1952:

Plaintiff, Louis Dobb, was struck and injured by a wheel which came off an automobile, owned by Ralph

Thren, while it was being towed by an employe of defendant, Peter I. Stetzler. At the close of plaintiff's case, the learned court below entered a compulsory nonsuit, and, from the order refusing to remove it plaintiff has brought this appeal.

The automobile was a 1935 Chevrolet coupe which Thren had purchased on February 19, 1949, from additional defendants, Peter and Sebastian Lombardo, trading as Lombardo brothers, for $195. Two days after the sale was made, Thren was obliged to return the car to Lombardo Brothers to have a shimmying condition in the right front wheel corrected. However, he did not again experience any difficulties with the wheels of the car although he subsequently drove it 150 to 200 miles a week during the sixteen weeks he owned it prior to the accident. Thren never troubled to place the car in a garage or under a shelter of any nature, but left it on the street at all times, exposed to the varying weather conditions. On occasion he removed the front wheels to change tires and in doing so used a jack which raised the body of the car by exerting an upward pressure on the front wheel axle.

Late in the afternoon of June 12, 1949, while Thren was driving the car around a curve on a country road near Blandon, Pennsylvania, the left front wheel came off. The left forward part of the car immediately dropped to the road, landing on the backing plate of the brake drum of the left wheel and slid along on the plate for a distance of approximately 15 feet before Thren was able to bring the car to a stop. As this plate did not revolve it tended to make the car turn to the left and Thren experienced difficulty in steering the car so as to follow the curve of the road to the right. The scraping of this plate across the road also left a skid mark 15 feet long which was clearly visible on the macadam surface of the road.

Mitchell, Stetzler's employe, who was sent at Thren's request with a tow truck to haul the car to Stetzler's garage, noticed the skid mark when he arrived on the scene, as well as the fact that the left front wheel was off the car. However, he did not examine the right front wheel to determine whether it had been loosened as a result of the accident, but immediately prepared the car for towing by fastening the ends of a chain to the left and right front bumper supports of the automobile and then raising the entire front end with a hoist mounted on his truck. Mitchell still did not examine the right front wheel closely while he had the car thus suspended but merely bumped it with his foot. Then, having further secured the car to the rear of the truck with a towing chain, he started off with the car in tow.

The two vehicles had not gone very far, however, before the right side bumper brace broke, causing the car to drop on the right front wheel with such force that its fall was felt in the cab of the towing truck. Mitchell stopped the truck and this time fastened the free axle between the knee action and the frame. He then raised the car again, bumped the right front wheel with his leg, and commenced towing it once more to Stetzler's garage. Mitchell stopped again some time later, after the two vehicles had crossed some railroad tracks, to make sure the car was properly suspended from the hoist but did not make any further examination of the automobile at this time. Shortly thereafter, while they were going downgrade, the right front wheel came off the automobile, rolled about a hundred feet and struck plaintiff who was sitting approximately three or four feet off the paved portion of the road.

The court below, in entering the nonsuit, ruled that plaintiff failed to show any negligence on the part of either defendant or additional defendants which would warrant submission of the case to the jury. Plaintiff

does not charge as error the court's ruling as to additional defendants, nor could he do so properly. In the complaint against additional defendants, Lombardo Brothers, they were alleged to have been negligent in not properly securing the right front wheel of the Thren car when they corrected the shimmying condition on February 21, 1949. However, there was no evidence that there was any negligence in the making of these repairs or that Thren ever again experienced any difficulty with the front wheels prior to plaintiff's injury. The fact that Thren drove the car 150 to 200 miles a week, often over rough roads, for a period of sixteen weeks, during which time the car operated satisfactorily, negates the probability of any negligence on the part of additional defendants.

Plaintiff, however, does argue that the court below erred in entering the nonsuit as to defendant, Stetzler. He contends that he introduced sufficient evidence to support a verdict against defendant on the theory that Mitchell was negligent in failing to make a reasonable inspection of the right front wheel of Thren's car before towing it and that Stetzler, as his employer, was liable for the injuries plaintiff sustained as a result thereof.

Viewing the evidence in the light most favorable to plaintiff, as we are required to do under these circumstances, *Szukics v. Ruch*, 367 Pa. 646, 81 A. 2d 903, we are convinced that plaintiff established sufficient facts to require the submission of his case to the jury.

A duty rested upon Mitchell to so manage his tow truck and the towed vehicle as to avoid unreasonable risk of harm to those lawfully using the highway, or to persons near thereto. What this Court said in *Delair v. McAdoo*, 324 Pa. 392, 188 A. 181, as to the duty that an operator of an automobile owes to others, applies equally well to one towing a disabled vehicle. There, Mr.

Chief Justice KEPHART said (at p. 395) : " 'Generally speaking, it is the duty of one operating a motor vehicle on the public highways to see that it is in reasonably good condition and properly equipped, so that it may be at all times controlled, and not become a source of danger to its occupants or to other travelers. To this end, the owner or operator of a motor vehicle must exercise reasonable care in the inspection of the machine and is chargeable with notice of everything that such inspection would disclose': Huddy, Automobile Law, Volume 3-4, p. 127 et seq. See also Restatement, Torts, section 300."

Thren's car was old and in poor condition. One front wheel had already come off and it was not improbable that the other, which had been subjected to considerable strain prior to and during the towing operation, had become loosened or had even broken free from the axle. Mitchell, an experienced mechanic, should have been aware of this as well as the fact that, if the wheel did fall off while the automobile was in motion, it might cause injury to someone. Under these circumstances a jury could conclude that Mitchell should have made an inspection of the right front wheel to determine whether it was properly fastened to the axle and that the mere bumping of that wheel by Mitchell with his leg or foot was not a reasonable inspection and that he was therefore negligent. Since there are sufficient facts to show that Mitchell was in complete charge of the towing operation and that he failed to make the requisite inspection while acting in the course of his employment, Stetzler, his employer, could properly be held to be liable for the injuries sustained by plaintiff.

Plaintiff adduced enough evidence of negligence on the part of Stetzler's employe to require submission of his case to the jury and the learned court below should

not have entered a nonsuit against him but, at the close of plaintiff's case, should have required defendant to proceed with whatever defense he might have to exculpate himself from the charge of negligence.

Order reversed with a procedendo as to defendant, Peter I. Stetzler, only.