# Nading v. Boice

C.P. of Butler County, no. A.D. 01-10692.

*Mark A. Lope,* for plaintiffs.
*Leo M. Stepanian,* for defendants.

HORAN, *J.,* February 3, 2003—Before this court for consideration are the defendants Kenneth and Elizabeth Boice's preliminary objections filed in response to the plaintiffs David L. Nading and Zachary Nading's complaint in the above captioned matter. For the following reasons, defendants' preliminary objections are sustained in part and overruled in part.

## BACKGROUND

Plaintiffs filed their complaint on October 15, 2002, alleging that they were injured as a result of a motor vehicle accident with a van driven by defendant Kenneth Boice. Plaintiffs allege that, on July 7, 1999, plaintiff David Nading was driving his pickup truck east on State Route 68 near the intersection of Routes 68 and 268. Plaintiff Zachary Nading was a passenger in the truck. Plaintiffs allege that the defendants' van was facing a flashing red light and stop sign at the intersection of Routes 68 and 268. Defendants allegedly turned into plaintiffs' lane of traffic in violation of the traffic sig-

nals. Defendants' van struck the passenger side of plaintiffs' truck. Plaintiffs allege that defendant Elizabeth Boice owns the van driven by defendant Kenneth Boice. Plaintiffs' complaint alleges two causes of action against defendants, negligence and negligence per se. Defendants filed preliminary objections and a brief in support to the complaint, arguing that the complaint fails to state a cause of action as to Elizabeth Boice, that it fails to state a claim for attorney's fees, and that paragraphs 7 through 12 and 18 contain scandalous and impertinent matter. Plaintiffs filed a brief in response to defendants' preliminary objections, arguing that the owner of the vehicle bears liability for a defective or substandard vehicle. Plaintiffs allege that the braking mechanism on the van was not in proper working order. They also argue that there is no harm to defendants in the request for attorney's fees in the complaint. Plaintiffs argue that the material in paragraphs 7 through 12 and 18 of the complaint is not scandalous or impertinent.

Oral arguments were held on January 21, 2003.

## DISCUSSION

When considering preliminary objections, the court must accept all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom as admitted and true, and decide whether, based upon the facts averred, recovery is impossible as a matter of law. *Wiernik v. PHH U.S. Mortg. Corp.,* 736 A.2d 616 (Pa. Super. 1999). Preliminary objections should only be sustained in cases that are clear and free from doubt. *Pennsylvania AFL-CIO ex rel. George v. Commonwealth,* 563 Pa. 108, 757 A.2d 917 (2000); *Butler v. Illes,* 747

A.2d 943 (Pa. Super. 2000); *Martinez v. Baxter,* 725 A.2d 775 (Pa. Super. 1999). It should be clear from all of the pleaded facts that the pleader will be unable to prove facts sufficient to legally establish a right to relief. *Id.* Any doubt should be resolved by refusing to sustain the objections. *Ellenbogen v. PNC Bank N.A.,* 731 A.2d 175 (Pa. Super. 1999).

### 1. *Demurrer—Failure To State a Cause of Action Against Defendant Elizabeth Boice*

Defendants argue that the complaint fails to state a cause of action against defendant Elizabeth Boice. They argue that plaintiffs have not set forth any allegations that Ms. Boice was negligent. Defendants also argue that plaintiffs' complaint fails to state a cause of action against Elizabeth Boice for negligent entrustment. Plaintiffs argue that owners have liability for a defective or substandard vehicle. Paragraph 14(d) of plaintiffs' complaint alleges that defendants were careless or negligent "in failing to have the brakes and braking mechanism on said vehicle in proper working order and/or in failing to properly and promptly operate the brakes and braking mechanism." Said paragraph is the sole allegation in the complaint that relates to defendant Elizabeth Boice.

In order to state a valid cause of action for negligence, a plaintiff must plead four elements: "(1) a duty or obligation recognized by the law that requires an actor to conform his actions to a standard of conduct for the protection of others against unreasonable risks; (2) failure on the part of the defendant to conform to that standard of conduct, *i.e.,* a breach of duty; (3) a reasonably close causal connection between the breach of duty and the

injury sustained; and (4) actual loss or damages that result from the breach." *Rauch v. Mike-Mayer,* 783 A.2d 815, 824 n.8 (Pa. Super. 2001) (citing *Ney v. Axelrod,* 723 A.2d 719, 721 (Pa. Super. 1999)). "[A] mere spousal relationship is insufficient to impose liability upon a spouse, as owner of a vehicle, due to the other spouse's negligent driving of that vehicle." *Hagans v. Constitution State Service Co.,* 455 Pa. Super. 231, 252, 687 A.2d 1145, 1155 (1997). The Pennsylvania Supreme Court stated the following with respect to an owner's duty to maintain a vehicle:

"Generally speaking, it is the duty of one operating a motor vehicle on the public highways to see that it is in reasonably good condition and properly equipped, so that it may be at all times controlled, and not become a source of danger to its occupants or to other travelers. To this end, the owner or operator of a motor vehicle must exercise reasonable care in the inspection of the machine and is chargeable with notice of everything that such inspection would disclose." *Dobb v. Stetzler,* 369 Pa. 554, 559, 87 A.2d 308, 310 (1952), quoting *Delair v. McAdoo,* 324 Pa. 392, 395, 188 A. 181, 183 (1936).

Examining the complaint in a light most favorable to the plaintiffs, defendant Elizabeth Boice's duty to maintain the vehicle in working condition can be inferred from the allegations contained in paragraph 14(d). Said paragraph also alleges that defendant Elizabeth Boice breached her duty by failing to maintain the brakes on her vehicle in working condition. Plaintiffs' complaint also alleges the negligence elements of cause and damages. As such, plaintiffs' complaint states a cause of action against defendant Elizabeth Boice for negligence. .

In order to plead a valid claim for negligent entrustment, a plaintiff must plead that the defendant (1) permitted a third person, (2) to use a thing under the control of the defendant, and (3) that the defendant knew or should have known that the third person intended to or was likely to use the thing in such a way that would harm another. *Ferry v. Fisher,* 709 A.2d 399, 403 (Pa. Super. 1998). Plaintiffs' complaint does not make any allegations that set forth a claim for negligent entrustment against Ms. Boice. Therefore, plaintiffs' complaint fails to set forth a cause of action for negligent entrustment.

Plaintiffs' complaint states a cause of action for negligence. It does not state a cause of action for negligent entrustment. Therefore, defendants' preliminary objection as to defendant Elizabeth Boice is overruled as to negligence and sustained as to negligent entrustment.

## 2. Demurrer—Legal Insufficiency of Claim for Attorney's Fees

Defendants argue that plaintiffs' claim for attorney's fees is legally insufficient because the complaint does not allege facts that support an award of said fees. Plaintiffs argue that the claim for attorney's fees does not prejudice or harm the defendants.

Absent statutory authorization, an express agreement by the parties or some other established exception, attorney's fees are not recoverable from an adverse party. *Merlino v. Delaware County,* 556 Pa. 422, 728 A.2d 949, 951 (1999); *Mrozek v. Eiter,* 805 A.2d 535, 538 (Pa. Super. 2002). The statutory right to recover attorney's fees is governed by 42 Pa.C.S. §2503. Section 2503 provides that the following parties are entitled to recover a reasonable counsel fee:

"(6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.

"(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of the matter. . . .

"(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

"(10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted." 42 Pa.C.S. §2503.

Plaintiffs' complaint alleges that the damages incurred include attorney's fees, and it demands judgment for fees. The complaint does not allege that defendants' conduct has been dilatory, obdurate or vexatious during the pendency of the action. It does not allege that the conduct of defendants was arbitrary, vexatious or in bad faith. The complaint does not allege that another statute or established exception applies to plaintiffs' claim for attorney's fees. It does not allege that the parties have an express agreement regarding the payment of attorney's fees. Absent statutory authorization, an express agreement by the parties or some other established exception, attorney's fees are not recoverable from an adverse party. *Merlino,* 728 A.2d at 951. Plaintiffs' complaint does not allege facts that provide a basis for an award of attorney's fees. As such, plaintiffs fail to state a legally sufficient cause

of action for recovery of attorney's fees. Defendants' preliminary objection as to attorney's fees is sustained.

### 3. *Inclusion of Scandalous or Impertinent Matter*

Defendants object to paragraphs 7 through 12 and 18 of plaintiffs' complaint, arguing that they plead evidentiary matter that is scandalous and irrelevant to a cause of action based on negligence. Plaintiffs argue that said paragraphs clarify the events of the accident and the injuries that plaintiff Zachary Nading sustained. At oral argument, defendants withdrew their objection to paragraphs 7 through 12 of the complaint.

Pennsylvania Rule of Civil Procedure 1028(a)(2) states that a preliminary objection is proper if a pleading includes scandalous or impertinent matter or if it fails to conform to law or rule of court. Scandalous and impertinent matter is defined as "allegations . . . immaterial and inappropriate to the proof of the cause of action." *Common Cause/Pennsylvania v. Commonwealth,* 710 A.2d 108, 115 (Pa. Commw. 1998), citing *Commonwealth, Dept. of Environmental Resources v. Peggs Run Coal Co.,* 55 Pa. Commw. 312, 423 A.2d 765 (1980). If the allegation is wholly irrelevant to the action and is without any influence in leading to the results of the judicial inquiry, said allegation will be deemed impertinent. *Jefferies v. Hoffman,* 417 Pa. 1, 207 A.2d 774 (1965).

Pennsylvania Rule of Civil Procedure 1019(a) requires the pleader to state the material facts on which the cause of action is based in a concise and summary form. The pleader must disclose sufficient facts to enable the adverse party to prepare a case. *Baker v. Rangos,* 229 Pa. Super. 333, 349, 324 A.2d 498, 505 (1974). Material facts

are those facts that are essential to support the claim. *Id.* Evidence from which material facts may be inferred should not be alleged in the pleading. *Id.* A valid cause of action for negligence must set forth four elements: "(1) a duty or obligation recognized by the law that requires an actor to conform his actions to a standard of conduct for the protection of others against unreasonable risks; (2) failure on the part of the defendant to conform to that standard of conduct, *i.e.,* a breach of duty; (3) a reasonably close causal connection between the breach of duty and the injury sustained; and (4) actual loss or damages that result from the breach." *Rauch,* 783 A.2d at 824, n.8.

Paragraph 18 states the following:

"(18) As a result of said accident, plaintiff, Zachary D. Nading, incurred or will incur the damages, injuries and expenses including but not limited to:

"(a) The day after the accident, Zachary D. Nading was taken to Kittanning Hospital due to severe stomach cramps; and

"(b) Doctors advised that Zachary D. Nading required surgery due to bruised intestines; and

"(c) Zachary Nading was transported by ambulance to Pittsburgh Children's Hospital where tests and x-rays were conducted; and

"(d) Doctors at Children's Hospital decided to empty Zachary Nading's stomach to alleviate pressure on his bruised intestines and allow for a better chance of healing the bruised intestine; and

"(e) The procedure was attempted, unsuccessfully, two times, causing Zachary to gag, gasp for breath, vomit, have a bloody nose; and

"(f) Later in the evening, the procedure was successfully completed and the contents of Zachary's stomach were emptied; and

"(g) Zachary Nading developed a fever of 103° and was hospitalized at Children's Hospital for three days and four nights."

Defendants argue that the allegations in paragraph 18 are improper because they plead evidentiary matters. Defendants argue that said evidentiary matters are scandalous. Plaintiffs argue that the allegations in paragraph 18 plead damages and are mere surplusage.

Paragraph 18 of plaintiff's complaint describes, in detail, plaintiff Zachary Nading's medical treatment for bruised intestines. A plaintiff must plead the material facts upon which the negligence action is based. Allegations of damage are required to state a negligence action. Thus, damages are material facts upon which a negligence claim is based. The allegations in paragraph 18 relate to the damage element of plaintiffs' claim for negligence. Said allegations are relevant to the action. They are not scandalous or impertinent.

The allegations in paragraph 18 plead evidence from which the material fact of damage and injury can be inferred. Evidence from which material facts can be inferred should not be alleged. *Baker,* 324 A.2d at 505. As such, said allegations fail to conform to the law against pleading evidence.[1] Defendants' preliminary objection to paragraph 18 of plaintiffs' complaint is sustained.

Accordingly, we enter the following:

---

1. This court's decision as to the evidence in paragraph 18 does not limit plaintiffs from attempting to introduce said evidence at trial.

## ORDER

And now, February 3, 2003, in consideration of defendants' preliminary objections and brief in support, plaintiffs' brief in opposition, and oral arguments thereupon, and in accordance with the foregoing memorandum opinion, defendants' preliminary objections are hereby sustained in part and overruled in part.

Defendants' preliminary objection as to a cause of action in negligence against defendant Elizabeth Boice is overruled. As to a cause of action for negligent entrustment, it is sustained.

Defendants' preliminary objections as to attorney's fees and the inclusion of scandalous or impertinent matter are sustained.

Plaintiffs are hereby granted 20 days to amend their complaint.