DISSENTING OPINION BY
President Judge PELLEGRINI.
Greensboro (Borough) is a borough in Greene County on the west bank of the Monongahela River with a population under the 2010 census of 254 people. Moving from Pittsburgh, Ralph Jannini purchased property located on the east side of Second Street in the Borough which was a former church and church parsonage. At the time he purchased the property, there was a "sidewalk” in front of the property. There is no question that the sidewalk is in a dedicated public right-of-way. On the front part of the “sidewalk” there is a fire hydrant.
After he purchased the property, he planted vegetation on both sides of the “sidewalk” so that it was unpassable. As a result, the Borough charged him with permitting accumulations of filth, manure, dirt, ashes, coal, boxes, barrels, stone, brush or lumber on streets, sidewalks or alleys in the Borough which is a violation of Article 5, Section 1 of the Borough Ordinance from 1885. This Ordinance is handwritten. After Jannini was found guilty before the magistrate, he appealed to the trial court which, after a lengthy hearing, imposed a $100 fine.
The majority reverses because it finds that the Borough did not establish that it had an ordinance that required Jannini to construct a sidewalk under Section 1801(a) of the Borough Code, 8 Pa.C.S. § 1801(a), and that he was under no burden to maintain or keep it unobstructed and reversed the trial court.
I am reluctant to even dissent because the simple solution to all of this is for the Borough to order Jannini to build the sidewalk to standard to allow pedestrian passage, even if that solution was to cost him potentially thousands of dollars. I also am reluctant to dissent because, in general, ordinance citations for serious violations do not solve the problem because of their purported criminal nature,[1] and *513 cause charging and proof hurdles to overcome, especially when the fíne imposed is only $100, which is disproportionate to the effort extended by the Borough in attempting to abate the violation. In these situations, it would be better for the municipality to file equity actions to enjoin the violation and seek fines under the normal civil burden. If these methods were employed, at least the “problem” would be solved.
Nonetheless, I disagree with the majority because, as the trial court held, once a sidewalk is laid out in the public right-of-way, it becomes part of the public right-of-way and the property owner can make no changes without permission from the municipality. Accordingly, I would affirm on the well-reasoned opinion of the trial court.[2]

. The majority applies the ‘‘beyond a reasonable doubt” standard applicable to the criminal cases. How to characterize prosecutions for violations of municipal ordinances has been equally troublesome. Generally, most municipalities were only authorized to impose fines and, if the fines were not paid, then an imprisonment could be imposed. At common law, an action brought by the municipality for the violation of a municipal ordinance was considered a civil suit for penalty and the normal civil burdens applied. Commonwealth v. Carter, 36 Pa.Cmwlth. 569, 377 A.2d 831, 832 (1977).
With the promulgation of the then-new Pennsylvania Rules of Criminál Procedure, through definitional changes, what we previously considered civil suits for penalty became penal in nature. Those Rules define ‘‘criminal proceedings” as including "all actions for the enforcement of the Penal Laws.” Pa. R.Crim'.P. 3(g). The penal laws include "any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty.” Pa. R.Crim.P. 3(1). An ordinance is a "legislative enactment of a political subdivision.” Pa. R.Crim.P. 3(g). These definitions (which were in effect in 1976) remove any doubt as to the nature of the instant proceedings; they are criminal proceedings. This was so even though Pa. R.Crim.P. 456(C) provides that imprisonment *513 may only be ordered if the defendant is able to pay the fine and refuses, making the "in default thereof” akin to civil contempt.
However, a municipal ordinance where imprisonment is not a remedy for a conviction or failure to pay a fine is a civil case and the criminal burdens do not apply. Town of McCandless v. Bellisario, 551 Pa. 83, 709 A.2d 379, 381 (1998). From a review of the record, I am unable to determine whether the ordinance at issue here provides for imprisonment in default of payment of the fine but for the purposes here will assume that it does.

. The public’s right in the use of the sidewalk has been characterized as an "easement of passage" but it also includes "the powers incident to such a right.” Duquesne Light Co. v. Duff, 251 Pa. 607, 97 A. 82 (1916). It need not be improved to be a considered a sidewalk. Callahan v. A. Wishart & Sons Co., 365 Pa. 498, 501, 76 A.2d 386, 388 (1950). ..