## Lyme v. Olewine, Sr., etc.

*Compton, Handler & Berman*, for plaintiff.
*Hurwitz, Klein, Meyers & Benjamin*, for defendant.

SOHN, J., May 2, 1955.—We have before us defendant's preliminary objections to an amended complaint. These preliminary objections include a motion to strike the amended complaint and a motion for a more specific amended complaint.

We shall first consider the motion to strike the amended complaint. Paragraph 3 of the amended complaint states in part as follows:

"By virtue of said contract the completion of the work . . . , the defendant, as hereinafter more particularly set forth, became indebted to the plaintiff in the amount of Two Thousand One Hundred Eighty-two and Forty One-hundredths (dollars) ($2,182.40), which amount is the fair and reasonable value of the performance of said contract."

Paragraph 6 of the amended complaint states as follows:

"6. In the performance of said contract the said Acorn Refining Company furnished and used:

| | |
|---|---|
| 700 Gallons-Nuroof Winter Grade Black Roofing Asphalt @ $1.32 per gallon, or a total of | $924.00 |
| 100 Gallons-Ironite Primer @ $.80 per gallon, or a total of | 80.00 |
| 250 Pounds-Plastiklast Cement Filler @ $.15 per pound, or a total of | 37.50 |
| 217 Hours of Labor-in removing old roofing material and applying new roofing material @ $2.50 per hour, or a total of | 542.50 |
| 2 Brushes and Shovel for cleaning material from roof | 12.00 |
| Reasonable Profit | 575.99 |
| Pennsylvania Sales Tax | 10.41 |
| Total | $2,182.40" |

It is contended by defendant that the item "Reasonable Profit . . . $575.99", stated in paragraph 6 of the amended complaint, is impertinent, lacks conformity to law, and should be stricken. It is also argued by defendant that the necessary construction of the contract in question, determined as a matter of law, is that the parties thereto did not mutually agree or intend at the time the contract was made that this item of "Reasonable Profit" was to be a part of the total cost of the job to defendant. Likewise, it is argued that the above stated item does not represent a "fair and reasonable value of the performance of said contract".

Impertinence in a pleading is the averment of a fact or facts which are irrelevant to the material issues and which, whether proven or not, or whether admitted or denied, can have no influence in leading to the result of the judicial inquiry. When the allegations do not appear to be wholly irrelevant, the allegations will not be stricken for impertinence: Glickman v. Brands, 31 Northamp. 264 (1948). See also Rodman et al. v. Nelley et al., 51 D. & C. 242, 54 Dauph. 247 (1943). We do not find that the allegation of this particular item of reasonable profit is wholly irrelevant as we will hereinafter point out. Accordingly, this objection is overruled. Whatever is necessarily implied in a contract is as much a component part thereof as if expressly stated and an action upon an implied promise in a written contract is an action upon the written contract itself: Nagle Engine & Boiler Works v. Erie, 350 Pa. 158; Pennsylvania Boiler Works v. Erie, 350 Pa. 167 (1944).

In our former opinion in this case, we said: "The language in the contract here is indefinite as to the price": Lyme v. Olewine, 67 Dauph. 191 (1954). The only provision in the contract sued upon is this: "Total

cost of *job, including* Labor and Material not to exceed $2,182.40". This language implies that compensation is to be paid, but says nothing as to how it is to be determined. The amount to be paid to the plaintiff is not to exceed $2,182.40. This is a completed contract. It is not a contract upon the basis of labor and materials and it does not provide for payment upon a cost plus basis. In his amended complaint plaintiff has stated exactly the materials used, the hours of labor performed, *the amount of reasonable profit*, and the Pennsylvania sales tax. We find this to be a proper pleading under our Pa. R. C. P. 1019. In the language of the contract herein sued upon, it is clear that the parties contemplated that plaintiff should be paid a reasonable profit. This is inherent in the use of the word "job", which indicates that payment for something more than labor and material is to be made. Plaintiff has complied with our former opinion and has given the various items for which he claims payment upon his completed job. The reasonable value of the *performance* of the contract or "job" is $2,182.40, and the contract was not to exceed that sum. The item of "reasonable profit" is a matter of proof and will have to be established by competent evidence at trial. The contract was not for the sale of roofing materials, or for the furnishing of labor, but is one for a *completed job*, which includes all the necessary materials and work for waterproofing and rustproofing the roof of defendant's plant. In addition, all slag is to be removed, Ironite asphaltum enamel primer is to be applied, all skylights, parapet walls and coping are to be cemented and rustproofed, and Nuroof black asphalt is to be applied. When completed, a 10-year guarantee is to be supplied by the Acorn Refining Company, of Cleveland, Ohio, which has assigned all its rights in this contract to plaintiff.

Under the heading "Motion to Strike Amended Complaint", defendant objects that plaintiff's verification states that the facts set forth in the amended complaint are "true and correct to the best of his information, knowledge and belief". He contends that this averment does not conform to Pa. R. C. P. 1024, in that there was no segregation of those facts which are based on knowledge from those based on information and belief. An examination of the contract itself shows that it was executed by John D. Lyme, present plaintiff, as the manufacturer's agent. Accordingly, he would not only have knowledge of the facts but he would have certain information and belief as to the legal effect of the matters set forth in the complaint. We therefore find that there is nothing to this objection.

The motion for a more specific amended complaint under paragraph 7 avers:

"7—Paragraph 6 of the amended complaint is insufficient in that it does not plead:

"A. The source of the materials supplied.

"B. The invoices for the materials.

"C. The names of the workmen.

"D. The specific days the respective workmen were employed."

We have heretofore in this opinion pointed out the specific pleading of plaintiff in the amended complaint with respect to these matters. Seven hundred gallons of Nuroof winter grade black roofing asphalt at $1.32 per gallon was used, amounting to $924; 100 gallons of Ironite primer at $.80 per gallon was used, totaling $80; 250 pounds Plastiklast cement filler at $.15 per pound, or a total of $37.50, is set forth. With respect to the hours of labor, they are 217 hours, and consisted of removing the old roofing material and applying the new roofing material at $2.50 per hour, or a total of $542.50. We feel that these are all matters

of proof at the trial of the case and do specifically inform defendant as to what he will be expected to meet upon trial. This can be controlled by the court by proper rulings made at the time. Plaintiff will have to come prepared with testimony showing where the materials were obtained, the invoices for those materials, the names of the workmen who were employed, and the specific days and hours which the respective workmen worked. Accordingly, we now make the following

*Order*

And now, May 2, 1955, all the preliminary objections filed by defendant are hereby overruled. Defendant is ordered and directed to file an answer within 20 days of this date.