McHenry, Appellant, *v.* Welding.

Argued March 30, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and WOODSIDE, JJ. (ERVIN, J., absent).

*Jack Brian,* with him *Howard Richard,* for appellant.

*John R. Graham,* for appellees.

OPINION BY GUNTHER, J., July 21, 1955:

This is an appeal from the entry of judgment on the pleadings in favor of defendants. Plaintiff, a real estate broker, filed a complaint in assumpsit for a commission in which he alleged that he procured a buyer ready, willing and able. Defendants filed an answer and new matter. In the latter they alleged:

"The plaintiff acted with such fraud and bad faith as to disqualify him for compensation because he loaned the purchasers $200.00 on the deposit without the knowledge and consent of the defendants before execution of the agreement." Plaintiffs' reply to new matter was as follows: "Denied as stated. It is admitted that the plaintiff loaned the sum of Two Hundred Dollars ($200.00) to the purchasers prior to the signing of the agreement for sale but nevertheless, the plaintiff acted in good faith and without committing any fraud and had every reason to believe that the latter was a bona fide purchaser: Furthermore, the said loan is not relevant or material to the executed agreement of sale." Plaintiff then filed a motion for judgment on the pleadings which was denied by the court below which held that under the authority of *Raisch v. Cook,* 306 Pa. 208, defendants would win the case if they could prove the fraud alleged in their new matter. The case thereafter came to trial. The jury was sworn and plaintiff read into the record several admitted paragraphs of the complaint. Thereupon defendants read into the record the new matter above quoted and plaintiff's reply and asked for judgment on the pleadings. This motion was allowed by the

court below on the ground that plaintiff's reply constituted an admission of the new matter. Plaintiff's motion to amend his reply was denied on the ground that he would thereby be given an unfair advantage.

Plaintiff now contends that it was error to deny his motion to amend and to accept defendant's motion for judgment at such a late date. Pa. R. C. P. 1033 provides that a pleading may be amended at any time by leave of court. Amendments should be allowed with great liberality unless they violate the law or prejudice the rights of the opposing party. *Miners Savings Bank v. Naylor,* 342 Pa. 273, 20 A. 2d 287. We cannot agree with the court below that an amendment in this case would have prejudiced defendants. Plaintiff desired to amend his reply to add an allegation that notice was given defendants that money was loaned to the purchaser. Such a reply would not contradict the reply as filed and would constitute a valid reply in defense against defendants' new matter. Defendants complain that the amendment would have prejudiced them in that it would have averred a time, place and person to whom notice was allegedly given, all of which they would have been unprepared to disprove. However, defendants must have come to trial prepared to prove their new matter, which raised the fraud issue initially. In addition defendants' long delay in asking for judgment on the pleadings put plaintiff to the burden of requesting a last minute amendment.

Pa. R. C. P. 1034 permits a motion for judgment on the pleadings "after the pleadings are closed, but within such time as not to delay the trial." In *Weygandt v. Bell Telephone Co.,* 65 D. & C. 177 a motion for judgment on the pleadings was dismissed as too late because it was filed five months after the pleadings closed and one month after the case was listed for trial.

Defendants argue that that case and others with similar holdings are not analogous because here there had already been a ruling on the pleadings and another argument would have been useless. However, the prior ruling of the court below on plaintiff's motion for judgment on the pleadings did not hold that plaintiff's reply was an admission and therefore insufficient, but held only that defendants' new matter raised a sufficient defense to the original cause of action. After that ruling, had defendants believed that plaintiff's reply was insufficient, defendants should thereupon have made their own motion for judgment on the pleadings. Had an argument been held on this issue well in advance of trial the court would surely have allowed plaintiff to amend. Defendants' untimely motion and long delay brought about the situation at the time of trial. The motion to amend should have been allowed and the motion for judgment denied.

Judgment reversed and it is ordered that the judgment entered in favor of defendants be stricken and plaintiff be permitted to amend his reply.

ERVIN, J. did not participate in the consideration or decision of this case.