## Schwingen v. Piekarski

*Thomas C. Moore* and *J. Dallas Shepherd*, for plaintiffs.

*Joseph A. Kozak*, for defendants.

PINOLA, J., October 31, 1957.—Plaintiffs, who live next door to defendants and have the right to use an alley in the rear of their properties, brought an action to compel defendants to remove a fence constructed of steel rails embedded in concrete and connected by heavy iron chains which it is alleged is in the alley.

In paragraph 8 of the complaint they aver that the "fence serves no useful purpose to the defendants or any one else, and was constructed by them solely out of spite and ill will and constitutes a hazard preventing ingress and egress to, over and from the said alleyway."

Defendants have moved to strike the complaint because this averment is scandalous and impertinent.

Is the averment that the fence was constructed "out of spite and ill will" scandalous? We think not. Scandal consists of any unnecessary allegation which bears cruelly on the moral character of an individual or states anything which is contrary to good manners, or anything which it is unbecoming to the dignity of the court to hear, or which charges some person with a crime, not necessary to be shown in the cause: 30 C. J. S. 647, sec. 193; In re Goodman's Estate, 28 Dist. R. 127. Applying this standard, the averment of the motive is not reproachful and, therefore, it cannot be stricken as scandal.

Is the averment impertinent?

An allegation is impertinent when it is irrelevant to the material issue made or tendered.

Had the Supreme Court adopted the conclusion of Judge Griffith in Feathers v. Baer, 52 D. & C. 305, that the erection and maintenance of a spite fence is a continuing nuisance which equity could abate, the allegation of spite and ill will would be proper. However, it chose not to follow §829 of the Restatement, Torts, Vol. 4, §829, in Cohen v. Perrino, 355 Pa. 455, and there aligned itself with the majority of courts which hold

that motive is immaterial. That being so, the averment is impertinent.

The common law power of a court to strike matter out of pleadings on the ground of impertinence alone is sparingly exercised and seldom called into use. It is a practice not to be encouraged because the rights of the parties can be fully guarded at the trial.

Not every pleading should be stricken because of impertinence. It is a question of degree for the discretion of the court to determine whether the impertinence exists in such an acute form that it should require striking of the complaint: 2 Anderson Pa. Civ. Pract. 326, 327.

Here the inclusion is neither injurious nor prejudicial to defendants and they need not respond to it: Good v. Ging, 5 Lyc. 97.

Accordingly, we enter the following

*Order*

The motion to strike the complaint is denied.