Jefferies, Appellant, v. Hoffman.

Argued November 13, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph Lurie,* with him *Levitan and Lurie,* for appellants.

*Francis E. Shields,* with him *Gerald W. Spivack,* and *Pepper, Hamilton and Scheetz,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 16, 1965:

This is an appeal from a judgment on the pleadings for defendant in a trespass action. Plaintiffs, husband and wife, alleged injuries as a result of the negligence of defendant doctor in connection with an operation to terminate wife-plaintiff's pregnancy. In his responsive pleading, defendant, under *new matter*, averred that plaintiffs had told him and two psychiatrists deliberate falsehoods regarding wife-plaintiff's emotional stability in order to procure the operation. Thereafter, plaintiffs filed the following pleading: "Reply to New Matter

"Denied. Plaintiffs have been advised, believe and, therefore, aver that averments set forth in paragraph 6 through 17, inclusive, of defendant's new matter does not set forth facts material to the above captioned cause of action in trespass, and that such averments are in fact irrelevant and immaterial to the above-captioned cause of action and need not be replied to under the Pennsylvania Rules of Civil Procedure."

Defendant then moved for judgment on the pleadings. At oral argument on the motion plaintiffs requested leave to amend their reply in the event that the trial court found the new matter relevant. The trial court did not give leave to amend and entered judgment on the pleadings for the defendant.

If plaintiffs had filed a preliminary objection in the nature of a motion to strike the new matter for impertinence, Pa. R. C. P. 1017(b)(2), it would have been incumbent upon the lower court to determine whether the facts averred in the new matter were legally relevant to plaintiffs' cause or whether they could have any influence in leading to the result. See 2 Anderson Pennsylvania Civil Practice, §1017.30, p. 480 (1960 ed.), *Lyme v. Olewine, Sr.,* 3 Pa. D. & C. 2d 112 (1955); *Schwingen v. Piekarski,* 13 Pa. D. & C. 2d 617 (1957). If the preliminary objection had been

4

overruled plaintiffs would have had a "right to plead over within such time as the court shall fix." Pa. R. C. P. 1028(d). The court could not have entered judgment on the pleadings because the pleadings would not have been closed. Pa. R. C. P. 1034.

A motion to strike the new matter as not pertinent is like a demurrer to the new matter. Cf. *Cramer v. East Shore Materials, Inc.*, 32 Pa. D. & C. 2d 624, 638-639 (1963). "All that a demurrer does is to admit the facts for the *sole purpose* of testing the legal sufficiency of the challenged pleading; what it says in effect is that even if the facts set forth be true they do not constitute a legal claim, or defense to the claim, as the case may be. 'A "demurrer" is not an absolute admission of any fact, but simply admits those facts that are well pleaded for the sole purpose of having their legal sufficiency determined by the court.' . . . ." *Dippel v. Brunozzi*, 365 Pa. 264, 269, 74 A. 2d 112, 115 (1950). See *Williams v. Stewart*, 194 Pa. Superior Ct. 601, 605, 168 A. 2d 769, 770 (1961); 2 Anderson, supra, at §1017.43, p. 506.

In this case, instead of testing the legal relevancy of the new matter by a motion to strike, plaintiffs responded as shown above. Defendant asserts this is merely a general denial and, therefore, an absolute admission under Pa. R. C. P. 1045(b) and 1029(b). But considering the entire response and the request to amend, in the event the court found the new matter relevant, it is clear that plaintiffs' admission was intended only for the purpose of testing the legal relevancy of the new matter. Therefore, it was not a mere general denial.

Plaintiffs' course of pleading, though inartful, was intended to accomplish the same thing that would have been accomplished by a motion to strike for impertinence. Since the latter course would have given them a right to plead over, in the event the court found the

new matter relevant, the mere formal variance from that course, which plaintiffs pursued, should not have destroyed their right to traverse the averments of the new matter. Defendant would not be unduly prejudiced by allowing plaintiffs' claim to turn upon its justice rather than the skill of its pleader. *Rhodes v. Terheyden,* 272 Pa. 397, 402, 116 Atl. 364, 366 (1922). Our rules so provide: "The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa. R. C. P. 126.

Even if plaintiffs' pleading is treated as an insufficient answer to the new matter, judgment should not have been entered against them without leave to amend. Judgment on the pleadings should be granted only in cases that are free and clear from doubt. *Anderson v. Bushong Pontiac Co.,* 404 Pa. 382, 385, 171 A. 2d 771, 772 (1961). Accordingly, the doctrine that amendments should be allowed with liberality when the adverse party would not be unduly prejudiced thereby, *Esso Standard Oil Company v. Taylor,* 399 Pa. 324, 330, 159 A. 2d 692, 695-696 (1960); *Miners Savings Bank of Pittston v. Naylor,* 342 Pa. 273, 279-280, 20 A. 2d 287, 291 (1941), is particularly pertinent at this stage of the proceedings.[1] See *McHenry v. Welding,* 179 Pa. Superior Ct. 358, 116 A. 2d 340 (1955).

Plaintiffs' pleading should have been treated like a preliminary objection, thus giving them the right to

---

[1] Where, as in this case, the rules of law are not clear a court should be especially wary of granting judgment on the pleadings before the factual underpinnings are well defined. In this respect we note that although defendant's affirmative defense rests upon misrepresentations by plaintiffs, nowhere in the record do we find support for the statement by the lower court that "at no time prior to April 2, 1963 [when depositions were taken] did the defendant have any knowledge that the plaintiffs' representations were untrue."

6

plead over, or, if treated as an answer, they should have been given leave to amend.

Judgment reversed with directions to allow plaintiffs to plead over or amend their reply.