**Pennsylvania Dutch Co., Inc. v. Pennsylvania Amish Co., Inc. (No. 2)**

*George B. Faller* and *Rodney J. Pera,* for plaintiff.
*James D. Flower, James C. McConnon* and *John F. McNaulty,* for defendant.

WEIDNER, J., July 9, 1973.—As will be shown, it is the opinion of this court that defendant's motion for summary judgment must be denied. Before discussing the basis of this opinion, however, a few comments concerning certain matters raised in briefs and at argument by counsel are necessary.

Plaintiff's counsel urges that defendant's motion for summary judgment be summarily dismissed as not having been timely filed in accordance with the provisions of Pennsylvania Rule of Civil Procedure 1035(a). Rule 1035(a) states:

"After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any."

Authority does exist to support a denial of defendant's motion should the trail actually be delayed: McHenry v. Welding, 179 Pa. Superior Ct. 358 (1955); Lazor v. Falor, 118 Pitts. L. J. 299 (1970). It must be noted in this case, however, that the motion for sum-

mary judgment has had the opposite effect of accelerating the placing of this case on the trial list. The resulting effect on the scheduling of the case makes plaintiff's contention moot.

Plaintiff's counsel also contends that testimony presented at the preliminary injunction hearing cannot be considered by this court in its ruling on a motion for summary judgment. This contention appears to be based on the fact that nowhere in Rule 1035(b), which defines the scope of information available for consideration by the trial court in its ruling on a motion for summary judgment, do the words "testimony taken at a preliminary injunction hearing" specifically appear. In addition, Pennsylvania case law indicates a general unwillingness to venture too far outside of the scope defined in Rule 1035(b). See generally Michigan Bank v. Steensen, 211 Pa. Superior Ct. 405 (1967); Toth v. Philadelphia, 213 Pa. Superior Ct. 282 (1968).

Reliance on Pennsylvania case law interpretation of Pa. R.C.P. 1035(b) is deceptively fatal. Pa. R.C.P. 1035(b) is modeled after Federal Rule of Civil Procedure 56(c). Accordingly, our interpretation of Rule 1035(b) can be guided by the Federal courts interpretation of essentially the same language in the Federal rule: Schacter v. Albert, 212 Pa. Superior Ct. 58 (1968). Testimony taken at a preliminary injunction hearing is considered part of the record, and hence, utilized in ruling on a motion for summary judgment by the Federal courts. In the case of Harris v. International Longshoremen's Association Local 1291, 210 F. Supp. 4 (E.D. Pa., 1962), affirmed, 321 F. 2d 801 (3rd cir., 1963), the court made specific mention that testimony produced at earlier hearings held on motions for preliminary injunctions was considered in granting a motion for summary judgment. In ruling that testimony taken at a preliminary injunction hear-

ing can be considered by a trial court in its ruling on a motion for summary judgment, we do not mean to imply that such testimony can in all cases form the sole basis for a decision on a motion for summary judgment. We do agree with plaintiff that a decision on a motion for summary judgment which is based solely on a preliminary injunction hearing, which, in turn, is not conclusive on the issues, is erroneous and must not be allowed to stand: Progress Development Corp. v. Mitchell, 286 F. 2d 222 (7th cir., 1961).

The decision in this instance is not based solely on testimony presented at the preliminary injunction hearing, although this testimony was considered in reaching this determination. The decision is also predicated upon the pleadings, depositions, answers to interrogatories and answers on file.

It is well-established law in Pennsylvania that a motion for summary judgment should not be granted unless the case is clear and free from all doubts. A summary judgment may not be entered where there is a disputed question of fact which is material to the disposition of the case: Ryan v. Furey, 437 Pa. 96, 102 (1970). On a motion for summary judgment, in determining whether or not a genuine issue as to any material fact exists, the court must take that view of the evidence most favorable to the party against whom the motion is directed, giving to that party the benefit of all inferences that might reasonably be drawn from the evidence. The burden of proving the absence of any factual issue of material importance is thereby placed on the moving party: Moore v. Zimmerman, 221 Pa. Superior Ct. 359, 360 (1972).

As the moving party, defendant in this case contends that no material factual issues exist and, therefore, its motion for summary judgment must be granted. Defendant directs our attention to a line of

cases dealing with unfair competition and deceptively similar trade names and trade marks. See Kellogg Co. v. National Biscuit Co., 305 U.S. 111 (1938); Jessar Manufacturing Corporation v. Berlin, 380 Pa. 453 (1955); Quaker State Oil Refining Co. v. Steinberg, 325 Pa. 273 (1937). These cases very adequately state the law in Pennsylvania with respect to trade names and trade marks that are confusingly similar.

In order to prove that plaintiff is entitled to relief from the courts from a competing use by defendant, plaintiff must prove that it has a legal right to the exclusive use of the trade name or mark in question. Plaintiff must also establish that defendant is using a name or mark confusingly similar to plaintiff's name or mark, and that defendant's use of the name or mark has caused, or is likely to cause, confusion in plaintiff's competitive area. In order to have an exclusive right to the use of common, generic, descriptive or geographic word, like Pennsylvania Dutch, Dutch or Amish, plaintiff must prove that the name has taken a secondary meaning. Secondary meaning encompasses the situation where people in the trade or purchasing public come to think of a word or name as standing for the business of a particular owner: Kellogg supra; Zimmerman v. Holiday Inns of America, Inc., 438 Pa. 528 (1970). In addition, defendant directs us to Restatement, Torts, §729, which affords an objective standard for determining deceptive similarity in names and complimentary marketing practices: Goebel Brewing Co. v. Esslingers, Inc., 373 Pa. 334 (1953).

Relying on this line of cases, defendant correctly states that since the terms "Pennsylvania Dutch" and "Pennsylvania Amish" are terms of common usage, plaintiff must prove a secondary meaning in order to have exclusive rights in these terms. Considering the

admissions of record, defendant also correctly points out that the term "Pennsylvania Dutch" identifies many things other than plaintiff. This is also conceded by plaintiff. To these admissions, defendant couples what it terms an apparent inability on the part of plaintiff to establish the requisite secondary meaning. Accordingly, it would then logically follow that no factual issue of material importance exists and the motion must be granted.

Defendant's arguments are very persuasive. However, they deal with only one aspect of plaintiff's complaint. In addition to pleading the use of a deceptively similar name, plaintiff alleges that defendant's unfair competition also consists of establishing a similar business in the same small Pennsylvania town and of copying the method and manner by which plaintiff conducts its business, including the use of the same suppliers and source of materials and products, the same sales techniques, price lists, promotional methods, distribution methods, brokers, customers, and sources of supply. Because the use of a deceptively similar trade name is but one aspect of the complaint, this court cannot utilize defendant's proposed solution to dismiss the entire case.

The gist of an action for unfair competition lies in the deception practiced in passing off the goods of one for that of another: Goebel Brewing Co., supra. It must follow that the use of a similar trade mark or trade name is only one method by which such deception could be accomplished. The establishment of a similar business in the same location and the utilization of similar marketing techniques are other viable methods.

This fact was also recognized in Dutch Pantry, Inc. v. Shaffer, 396 Pa. 102 (1959), a case which presents a situation factually similar to that which presently confronts us. Involved were two restaurants, that of plain-

tiff, the "Dutch Pantry," and that of defendant, the "Dutch Country Kitchen." Both restaurants were located in the same township on the same side of a main highway. The court here stated that the court below erred in limiting its consideration of similarities to the names and in assuming the duty of the factfinder in saying that there was no similarity in appearance, pronunciation, sound or meaning of the names involved. These are not matters of law. Because of the confusing nature of the restaurant names, the court reasoned that the other features of the restaurants, such as appearance, menus and the like, acquired a critical importance in the basic issue of whether the public has been mislead and confused. That issue is particularly one of fact, since it represents a congeries of sense perceptions to the traveler. Such an issue rarely lends itself to summary judgment: Dutch Pantry, Inc., supra.

This court, too, must consider aspects other than confusingly similar names in this action for unfair competition. An analysis of the pleadings indicates that plaintiff's allegations of the utilization of similar marketing techniques and of the establishment of a similar business in the same small town are denied by defendant and, therefore, are properly placed in issue. They are factual issues of material importance that cannot be resolved as a matter of law.

All that is necessary is that the court shall find from the evidence that the name or mark or label or the conduct and practice of defendant actually confused and deceived or that it is reasonably likely that the average purchaser will be deceived: Jessar Manufacturing Corporation v. Berlin, 380 Pa. 453 at 456 (1955).

Since summary judgments should only be granted in the clearest of cases, this court is reluctant to foreclose plaintiff's opportunity to establish vital facts. There must be a hearing to fix such elements of fact.

## ORDER OF COURT

And now, July 9, 1973 (3:30 p.m.), defendant's motion for summary judgment is overruled and dismissed.