The Townships of Springdale and Wilkins, Plaintiffs, *v.* Robert P. Kane, Secretary of Revenue; Robert P. Casey, Auditor General; Israel Packel, Attorney General; and Grace M. Sloan, State Treasurer of the Commonwealth of Pennsylvania, Defendants.

Argued September 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., ROGERS and BLATT. Judge MENCER did not participate.

*Franklyn E. Conflenti,* with him *David R. Cashman* and *Cauley, Birsic & Conflenti,* for plaintiffs.

*Melvin R. Shuster,* Deputy Attorney General, with him *Gerald Gornish,* Deputy Attorney General, *Israel Packel,* Attorney General, *Craig R. Burgraff,* Deputy Counsel, and *William H. Smith,* Chief Counsel, for defendants.

OPINION BY JUDGE KRAMER, November 19, 1974:

This matter comes within the original jurisdiction of this Court and once again it is before us on preliminary objections. The action was commenced by the filing of a complaint in equity by Springdale Township and Wilkins Township (Townships), both of Allegheny County, on behalf of themselves and of all similarly situated local taxing authorities in the Commonwealth, against the Secretary of Revenue, the Auditor General, the Attorney General, and the State Treasurer of the Commonwealth of Pennsylvania (hereinafter collectively referred to as Commonwealth). The complaint, after noting the provisions of Article VIII, Section 4 of the Pennsylvania Constitution of 1968 pertaining to both the taxation of the real property of public utilities and the distribution of real estate tax equivalents to local taxing authorities, alleges that the General Assembly on March 10, 1970, enacted the Public Utility Realty Tax Act (PURTA), the Act of March 10, 1970, P. L.

168, *as amended*, 72 P.S. §3271 et seq. (Supp. 1974-1975), as compliance with said constitutional provisions. The Townships then alleged that the defendants, through their agents, servants, agencies and employes, had collected approximately $29,300,000 from the imposition of the PURTA tax, but that in violation of the constitutional mandate, the defendants had failed to pay to the local taxing authorities any portion of the $29,-300,000 representing the imposition of the PURTA tax for the period March 10, 1970 through December 31, 1970. The Townships specifically alleged that Section 7(b) of PURTA, 72 P.S. §3277(b) (Supp. 1974-1975), is unconstitutional because it fails to implement Article VIII, Section 4 of the Pennsylvania Constitution of 1968. The Townships also alleged that PURTA tax monies collected for 1970 are still on deposit with the Commonwealth. The Townships' complaint noted that the PURTA tax monies collected for the years 1971 and 1972 had been partially disbursed to some of the local taxing authorities.

In response to the complaint, the Commonwealth filed preliminary objections based upon the doctrine of sovereign immunity, and laches. This Court, on December 4, 1973, overruled the preliminary objections of the Commonwealth and directed the defendants to file an answer.[1] On January 22, 1974, the Commonwealth filed an answer which included new matter. The Townships thereafter filed the preliminary objections to the new matter which are presently before us for disposition.

The Townships' preliminary objections are in the nature of a motion to strike, alleging that the new matter is scandalous and impertinent. *See* Pa. R. C. P. 1017.

In cases such as this it is incumbent upon us to determine whether the facts averred in the new matter

---

[1] *See The Townships of Springdale and Wilkins v. Kane*, 11 Pa. Commonwealth Ct. 254, 312 A. 2d 611 (1973).

are legally relevant to the action involved, or whether they could have any influence in leading to the result. *See Jefferies v. Hoffman,* 417 Pa. 1, 207 A.2d 774 (1965).

The Townships allege that the last paragraph of the new matter, which raises the defense of laches, is impertinent because that issue was disposed of in our prior opinion noted above. In that opinion, we specifically stated that we were not ruling as a matter of law on the issue of laches. Furthermore, Pa. R. C. P. 1030 specifically permits raising the affirmative defense of laches under the heading of new matter.

We have carefully reviewed all of the paragraphs contained in the Commonwealth's new matter, and we do not believe, considering the present state of the record, that it is possible to determine that the new matter is entirely irrelevant to this action or that it could not have any possible influence in leading to the result. We agree with the Townships that many of the paragraphs in the new matter can be characterized as conclusions of law rather than averments of fact, and we recognize that the Commonwealth has changed its legal defense to the complaint. We do not, however, believe that it is impossible for the Townships to formulate an adequate answer to the new matter. Although it may appear difficult for the Townships to make answer to conclusions of law set forth in the paragraphs of new matter, practicing attorneys have been filing answers to paragraphs such as these from time immemorial.

This case has been unduly prolonged by the preliminary procedural maneuvers of the parties. It presents important legal issues which should be struck and determined after a prompt trial. Whether the issues presented in the new matter are relevant and material to this case may be decided at the trial hereon.

We hold that the Commonwealth's new matter is neither scandalous nor impertinent, and we therefore

## ORDER

AND Now, this 19th day of November, 1974, upon consideration of the pleadings filed, and after argument, it is hereby ordered that the preliminary objections filed by the Townships of Springdale and Wilkins to the new matter filed by the defendants are overruled, and leave is granted to said Townships to file an answer to the new matter of the defendants within 30 days from the date hereof.