## Cataldo v. Rick

*James F. Israel*, for plaintiff.
*John P. Vetica*, for defendant.

WETTICK, *J.*, April 30, 1979—On September 18, 1976, Joyce Cataldo was injured when an automobile owned and operated by defendant Richard Rick in which she was a passenger was involved in an accident. At the time of the accident, Mr. Rick was not insured. Pursuant to the applicable provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., Ms. Cataldo filed an application for no-fault benefits with the assigned claims bureau which assigned her claim to Travelers Insurance Companies (Travelers). Travelers paid Ms. Cataldo's claim for no-fault benefits and in this action has sued Mr. Rick for reimbursement of these benefits. This action was instituted more than two years after the September 18, 1976, accident.

Mr. Rick has filed preliminary objections in which he contends that the No-fault Act imposes no duty on him to reimburse Travelers and, alternatively, that any claim for reimbursement which Travelers may have against him is barred by the statute of limitations.[1]

## I.

In her amended complaint, plaintiff alleges that her cause of action is based upon section 108 of the No-fault Act, 40 P.S. §1009.108. An insurer's right

1. Under Pa.R.C.P. 1017(b), preliminary objections are limited to a demurrer which includes the bar of only a non-waivable statute of limitations. Thus the defense of a waivable statute of limitations, which defendant raises in this action, should be pleaded as new matter. However, we will consider the merits of the statute of limitations defense at this stage of the proceedings because both parties have requested this court to do so. See Rufo v. Bastian-Blessing Company, 417 Pa. 107, 207 A. 2d 823 (1965).

to reimbursement is covered by section 108(2) which reads as follows:

"If a claim qualifies for assignment under paragraph (1)(C), (D) or (E) of this subsection, the assigned claims bureau or any insurer to whom the claim is assigned is subrogated to all rights of the claimant against the obligor legally obligated to provide basic benefits to the claimant, or against any successor in interest to or substitute for such obligor for such benefits as are provided by the assignee."

This subsection gives no reimbursement rights to Travelers. This claim does not qualify for assignment under paragraph (1)(C), (D) or (E); these provisions allow the victim of a motor vehicle accident to obtain no-fault benefits through the assigned claims plan only if no-fault insurance (C) "applicable to the injury cannot be identified;" (D) "applicable to the injury is inadequate to provide the contracted-for benefits because of financial inability of an obligor to fill its obligations;" or (E) "benefits are refused by an obligor for a reason other than that the individual is not entitled in accordance with this act to receive the basic loss benefits claimed." This claim, instead, qualifies for assignment under paragraph (A) which provides no-fault benefits through the assigned claims plan where no-fault insurance is not applicable to the injury because the driver was uninsured and there was no other no-fault policy which covered the injury.

Furthermore, even if we construed section 108 to subrogate Travelers to the rights of Ms. Cataldo against defendant up to the amount of the basic loss benefits which it paid Ms. Cataldo, Travelers' claim would be barred by the statute of limitations. Be-

cause section 301 of the No-fault Act, 40 P.S. §1009.301, does not abolish tort liability as to the owner of a motor vehicle involved in an accident where the vehicle was not insured at the time of the accident, Ms. Cataldo could have instituted a negligence action against defendant for accidental bodily injury. However, such an action must be brought within two years of the accident.[2]

A subrogated insurer has no greater rights than the insured: Insurance Company of North America v. Carnahan, 446 Pa. 48, 284 A. 2d 728 (1971); Great American Insurance Company v. United States, 575 F. 2d 1031 (2d Cir. 1978). Thus because Joyce Cataldo is barred by the two-year statute of limitations from bringing a negligence action for accidental bodily injury against Mr. Rick, any claim by Travelers as a subrogee would be similarly barred.

## II.

While we have sustained defendant's demurrer to plaintiff's complaint, plaintiff should be given leave to file an amended complaint unless we determine that it would not be possible for plaintiff to plead a good cause of action. See, e.g., Jefferies v. Hoffman, 417 Pa. 1, 207 A. 2d 774 (1965). For this reason, we have reviewed the entire No-fault Act to determine whether it is possible for plaintiff to plead a cause of action that would not be barred by the statute of limitations.

---

2. Section 5524(2) of the Judicial Code of July 9, 1976, P.L. 586, 42 Pa.C.S.A. §5524, provides that an action to recover damages for personal injuries caused by the negligence of another must be commenced within two years.

We rule that Travelers may seek recovery from defendant for the amount of the no-fault benefits paid to Ms. Cataldo under section 501 of the No-fault Act, 40 P.S. §1009.501, which reads in relevant part as follows:

*"The obligor obligated to pay basic loss benefits for accidental bodily injury to a person occupying a motor vehicle, the owner of which is uninsured* pursuant to this act or to the spouse or relative resident in the household of the owner or registrant of such motor vehicle, *shall be entitled to recover all the benefits paid* and appropriate loss or adjustments costs incurred *from the owner or registrant of such motor vehicle* or from his estate. The failure of the person to make payment within thirty days shall be grounds for suspension or revocation of his motor vehicle registration and operator's license."*

Under this section, Travelers would be entitled to recover all benefits paid to Ms. Cataldo if it had issued a policy of no-fault insurance to her and under paragraph 108(b) of the No-fault Act, 40 P.S. §1009.108(b), an insurer to whom a claim is assigned under the assigned claims plan "has rights and obligations as if he had issued a policy of basic loss insurance complying with this act applicable to the injury." Thus Travelers' allegations that it paid basic loss benefits for accidental bodily injuries to a woman occupying a motor vehicle owned by Mr. Rick which was uninsured at the time of the accident states a good cause of action against Mr. Rick under this section of the No-fault Act for the recovery of the benefits paid to Ms. Cataldo.

Furthermore, the statute of limitations for this cause of action is governed by section 5527(6) of the Judicial Code, 42 Pa.C.S.A. §5527, which creates a six-year statute of limitations for "any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation)."

Defendant, citing section 106(c) of the No-fault Act, 40 P.S. §1009.106(c), contends that this action must be commenced within two years of the accident. Subsection 106(c), however, governs only the time period in which an action may be commenced to recover no-fault benefits and Travelers' action against defendant is not a claim for no-fault benefits but, instead, a claim for reimbursement of benefits paid.

For these reasons, we sustain defendant's preliminary objections in the nature of a demurrer on the ground that plaintiff's claim for reimbursement of no-fault benefits paid to Ms. Cataldo brought under section 108 of the No-fault Act fails to state a cause of action and we allow plaintiff within 20 days to file an amended complaint which bases her claim for recovery on section 501 of the No-fault Act.

## ORDER

Now, April 30, 1979, it is hereby ordered that defendant's preliminary objections in the nature of a demurrer are sustained and that plaintiff has 20 days from the date of this order of court in which to file an amended complaint.