**Van Horn v. Maisano**

C.P. of Monore County, No. 4484 CV 2013

*Kelly J. Lenahan*, for plaintiffs.
*Brent A. Green*, for defendants.

ZULICK, *J.*, December 3, 2013—Plaintiffs, John A. Van Horn and Dawn M. Van Horn, filed a complaint against defendant Robert M. Maisano and others on August 21, 2013. In their complaint, the Van Horns allege that Mr. Maisano caused a head-on automobile collision that resulted in injuries to the Van Horns. Robert Maisano and Sandra Maisano filed preliminary objections to the complaint and a brief in support thereof. The Van Horns filed a response to the Maisano preliminary objections and a brief in support of their opposition. Both parties presented argument before the court on November 4, 2013.

## DISCUSSION

The court must accept as true all well-plead facts and any reasonable inferences to be drawn therefrom in ruling on preliminary objections, but not the pleader's conclusions or averments of law. *See Savitz v. Weinstein*, 149 A.2d 110, 111 (Pa. 1959) (quoting *Narehood v. Pearson*, 96

A.2d 895, 896 (Pa. 1953)). The court, however, "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 482 (Pa. Cmwlth. 1995) (citation omitted).

The Maisanos raise two preliminary objections— (1) a demurrer to the Van Horns' allegations of reckless conduct; and (2) a motion to strike paragraphs 12-18 and paragraph 43(d) of the complaint for failure to conform to the Pennsylvania Rules of Civil Procedure.

### I. Reckless Conduct and Punitive Damages

The Maisanos first preliminary objection is in the nature of a demurrer seeking to strike allegations of recklessness and the demand for punitive damages. Pennsylvania Rule of Civil Procedure 1028(a)(4) allows any party to file preliminary objections to any pleading on the grounds of "legal insufficiency of a pleading (demurrer)." Pa. R. Civ. P. 1028(a)(4). A "preliminary objection in the nature of a demurrer should not be granted if the allegations of the [pleading] state a cause of action under any theory of law." *Packler v. State Employees' Ret. Bd.*, 368 A.2d 673, 675 (Pa. 1977).

In determining whether the factual averments contained in the pleading sufficiently state a cause of action, all doubts are resolved in favor of sufficiency of the pleading. *See Slaybaugh v. Newman*, 479 A.2d 517, 519 (Pa. Super. 1984). "While it is not necessary that the [pleading] identify the specific legal theory of the underlying claim, it must apprise the [opposing party] of the claim being asserted and summarize the essential facts to support that

claim." *Estate of Swift v. Ne. Hosp. of Phila.*, 690 A.2d 719, 723 (Pa. Super. 1997) (citing *Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 357 (Pa. Super. 1993)). Accordingly, a preliminary objection in the nature of demurrer will be sustained only in cases that are clear and free from doubt. *See Cianfrani v. Commonwealth*, 479 A.2d 468, 469 (Pa. Super. 1984).

The Van Horns have alleged in paragraph 12 of the complaint that:

> 12. As defendant, Robert Maisano ("defendant driver") was traveling West on Jonas Road, he was carelessly, negligently and recklessly inattentive to the other vehicles on the road. He failed to observe the vehicle directly in front of him in his lane of travel slowing to make a turn. To make matters worse, when defendant driver finally took notice of this slowing vehicle, he was too late to avoid a rear end collision with that vehicle, so instead, he recklessly swerved into oncoming traffic at the last minute, lost control of his vehicle, and violently collided with the plaintiff's vehicle, Complaint, ¶ 12.

The Maisanos contend that the Van Horns' complaint fails to specify facts that support a claim for punitive damages; therefore, the "recklessness" count of the complaint should be stricken. Punitive damages may be awarded for conduct that is outrageous. *Feld v. Merriam*, 485 A.2d 742, 747-48 (Pa.1984). Where there exists no indication of evil motive, then a plaintiff must establish that a defendant acted with reckless indifference to the rights of others. *Burke v. Maassen*, 904 F.2d 178, 181 (3d Cir. 1990). Punitive damages may be awarded where the evidence shows the defendant knows, or has reason

to know, of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act in conscious disregard of that risk. *Id.* at 181; *Martin v. Johns-Manville Corp.*, 494 A.2d 1097 (Pa. 1985). A claim for punitive damages must plead facts sufficient to summarize and support the claim, including facts tending to cast the alleged actions in a light justifying the label of outrageous conduct. *Smith v. Brown*, 423 A.2d 743 (Pa. Super. 1980).

The complaint does allege conduct that amounts to reckless indifference to the rights of others, but that alleged conduct took place after the collision. In paragraphs 15 and 16 of the complaint, the Van Horns allege that Robert Maisano fled the scene and together with Sandra Maisano, disposed of the vehicle to avoid liability for the collision.

The conduct causing the collision is alleged to have occurred when Maisano failed to observe the vehicle ahead of him slowing for a turn. He could not stop behind the turning vehicle without colliding with it, and instead turned his car into the path of the Van Horn's oncoming vehicle. Complaint, paragraphs 12, 14. This is certainly a description of negligent behavior, but it does not rise to the level of outrageous conduct sufficient to support a claim for punitive damages. Although the complaint characterizes Maisano's driving as reckless, the underlying facts do not "cast the alleged actions in a light justifying the label of outrageous conduct." *See Smith v. Brown*, 423 A.2d 743 (Pa. Super. 1980), *Henry v. Summit Lanes*, 6 D. & C. 5th 254, 256 (Monroe C.P., Miller, J. 2008). Defendants' preliminary objection to count II of the complaint will be sustained.

The Maisanos also object to the Van Horns' allegations in paragraphs 15-18 and 43(d) that Robert Maisano fled from the scene and "quickly disposed of the vehicle" by "scrapping" it after the collision. Complaint, paragraph 15. Counsel have not briefed whether evidence of flight to avoid apprehension, which is often introduced in a criminal case to show consciousness of guilt, is admissible in a civil case. The court's research has not disclosed any Pennsylvania cases addressing this issue. The majority view of courts of other jurisdictions that have addressed it is to admit this evidence. *See Rock v. McHenry*, 115 S.W.3d 419, 420-421 (Mo.App. W.D., 2003). It is premature to say whether this information will be allowed at trial, but defendants' request to have these allegations stricken from the complaint will be denied.

Finally, defendants seek to strike what they contend is impertinent matter, pursuant to P.R.C.P. 1028(a)(2), "failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter." Defendants object to paragraphs 17 and 18 which relate to the police investigation to determine Maisano's involvement in the collision, and Maisano's statements to the police. They also object to paragraph 19 which alleges statutes under the Pennsylvania Motor Vehicle Code which Maisano was cited for violating.

While the police investigation following the collision, and Maisano's denials to the police of his involvement are not facts which are necessary to state a cause of action, they may be relevant at time of trial to establish that Maisano was the driver of the vehicle that struck the Van Horn vehicle. They should not be difficult for the

defendants to respond to. As the Commonwealth Court stated in *Springdale Tp. v. Kane*, 328 A.2d 904, 905 - 906 (Pa. Cmwlth. 1974):

> We have carefully reviewed all of the paragraphs contained in the Commonwealth's new matter, and we do not believe, considering the present state of the record, that it is possible to determine that the new matter is entirely irrelevant to this action or that it could not have any possible influence in leading to the result. We agree with the Townships that many of the paragraphs in the new matter can be characterized as conclusions of law rather than averments of fact, and we recognize that the Commonwealth has changed its legal defense to the complaint. We do not, however, believe that it is impossible for the townships to formulate an adequate answer to the new matter. Although it may appear difficult for the townships to make answer to conclusions of law set forth in the paragraphs of new matter, practicing attorneys have been filing answers to paragraphs such as these from time immemorial.

*Id.* at 905-906.

Maisano also objects to the recitation in the complaint of the motor vehicle code citations he received as a result of the collision, pointing out that convictions of these offenses are not admissible in the trial of this action. *See* 42 Pa.C.S.A. §6142(a), which states:

> (a) General rule.- A plea of guilty or nolo contendere, or a payment of the fine and costs prescribed after any such plea, in any summary proceeding made by a person charged with a violation of title 75 (relating

to vehicles) shall not be admissible as evidence in any civil matter arising out of the same violation or under the same facts or circumstances.

While it is true that "a party need not specifically plead the act of assembly (here the Motor Vehicle Code) ostensibly violated, sufficient facts must be pleaded to bring the case within the appropriate statute." *Goldberg v. Friedrich*, 124 A. 186 (Pa. 1924); *Godina v. Oswald*, 211 A.2d 91 (Pa. Super. 1956), *Com., Dept. of Transp. v. Shipley Humble Oil Co.*, 370 A.2d 438, 440 (Pa. Cmwlth. 1977).

The Van Horns are certainly free to assert negligence per se theory at the trial of this case, and while they are not required to recite the Motor Vehicle Code provisions that they allege Maisano violated, *Shipley*, *supra*, the fact that they have done so in the complaint puts the defendants on notice of these claims. When negligence per se theory applies to a case, "duty and breach of that duty are not automatically proven. They are proven only by first referencing the violator's action (or inaction) against the statute's words and policy". *McCloud v. McLaughlin*, 837 A.2d 541, 544-545 (Pa. Super. 2003). This objection will be denied.

## ORDER

And now, this 3rd day of December, 2013, following consideration of the preliminary objections filed by defendants, Robert M. Maisano and Sandra M. Maisano, to the complaint of John A. Van Horn and Dawn M. Van Horn, it is ordered as follows:

1. The preliminary objection to count II, Recklessness

are sustained and that count is dismissed.

2. Defendants' other preliminary objections are denied.

3. Plaintiffs are given leave to file an amended complaint within twenty days that complies with the Pennsylvania Rules of Civil Procedure.